LAW OFFICE OF CAROLLE R. HUDSON
Carolle Hudson, SBN# 170283
5524 Assembly Court, Ste. 17
Sacramento, CA 95823
Tel: (916) 427-4579
Fax: (916) 395-7700

Attorney for Debtor
Alameda Acapulco Restaurant, LLC;
DBA, Acapulco Restaurant,
fdba Modesto Quintero Family Trust

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>ALAMEDA ACAPULCO RESTAURANT, LLC; dba ACAPULCO RESTAURANT, fdba MODESTO QUINTERO FAMILY TRUST,<br><br>        Debtor. | **Case No.: 09-48205**<br><br>**CHAPTER 11**<br>**DEBTOR'S DISCLOSURE STATEMENT** |

## DEBTOR'S DISCLOSURE STATEMENT

### I.  INTRODUCTION

    This Disclosure Statement is submitted by Alameda Acapulco Restaurant, LLC, Debtor, pursuant to 11 USC § 1125. The purpose of this Disclosure Statement is to divulge adequate information to the holders of claims or interest in this matter so that they may make an informed judgment about the Plan of Reorganization which has been filed in Bankruptcy Court with this Disclosure Statement. After notice and a hearing, the Court will determine if this Disclosure Statement contains adequate information upon which the holders of claims or interests will be able to make informed judgments about the Plan. All creditors and interested person should carefully inspect the contents of this Disclosure Statement and the Plan which accompanies it.

## II. HISTORY

The Acapulco Restaurant was originally started in 1953. The "Alameda Acapulco Restaurant, LLC " was incorporated on September 25, 2001 and took ownership of the Restaurant and four (4) parcels of real property on January 1, 2002. The properties were as follows:

    a. Real Property commonly known as 2065 Lincoln Avenue, Alameda, California;

    b. Real property commonly known as 2104 Lincoln Avenue, Alameda, California;

    c. Real property commonly known as 1532 Willow Street, Alameda, California; and

    d. Real property commonly known as 1527-1529 Willow Street, Alameda, California

The "Acapulco Restaurant" is located at 2104 -2106 Lincoln Avenue, Alameda, California and was the original location of the Restaurant.

The real property located 1527-1529 Willow Street, Alameda, California was sold for $617,000.00. After payoff of Mortgages and liens against the real property, the Debtor received $62,450.45 from the sale of the property. The Escrow closed July 21, 2009. Secured creditor Thomas A. Roebuck received $100,075.00 out of the Escrow, which was a partial pay-off for Deeds of trust he held against the property, made a demand for pay-off out of the Escrow and was paid $40,306.65 out of the Escrow that closed July 21, 2009.

Also, Jack and Terri Cooley made a demand for payment of $15,113.42 out of the same Escrow and were paid.

Due to financial problems Alameda Acapulco Restaurant, LLC filed a Chapter 11 on September 2, 2009. After a review of the financial activities of the Debtor, it was determined

that the payments made out of the Escrow to the Brohards and Cooley's were for unsecured debts paid within ninety (90) days of the filing of the Chapter 11. Therefore, it was deemed a "preference" payment under 11 U.S.C. § 547 that must be paid back to the Bankruptcy Estate. A letter to each of the parties was sent demanding return of the money. Neither the Brohards nor the Cooley's have responded A Complaint against each is being prepared seeking to recover the money for the benefit of the Bankruptcy Estate. They will be allowed to file a Claim after the money is returned.

There were unfiled and unpaid tax returns due to be filed with the Internal Revenue Service, State Franchise Tax Board, the Employment Development Department, and the State Board of Equalization since 2002 for Alameda Acapulco Restaurant, LLC. They have been filed. Because of the unfiled and unpaid taxes, this Voluntary Chapter 11 was filed on September 2, 2009. The Debtor remains in possession of its assets and continues to operate its business as a Debtor in Possession pursuant to 11 U.S.C. § 1101 (1), 1107, and 1108.

Based upon an evaluation of the financial status of the debtor, it has been agreed that the Debtor will ask court Approval to appoint a Real Estate and Business Broker to list and sell the real property and the Restaurant as an operating business and pay-off its creditors. This will apparently result in all creditors being paid one hundred (100%) percent of the amount owed o all undisputed and Court Approved Claims.

### III. PRESENT FINANCIAL CONDITION OF DEBTOR

The Debtor sold one of its properties in July 2009 and filed a Chapter 11 on September 2, 2009. After a review of its financial issues and debts, Sunbelt, a Real Estate and Business Broker, was contact to evaluate the properties and business owned by the Debtor.

The Debtor owns the Restaurant business and the following properties:

a.  1532 Willow Street, Alameda, California, a residence;

b.  Alameda County Parcel #71-250-8, Lincoln Avenue, Alameda, California, a vacant lot used as a parking lot by the Restaurant;

c.  2100 and 2104 Lincoln Avenue, Alameda, California, the Restaurant location.

The Debtor has reviewed and agreed with the evaluations of Sunbelt based on a sale of the real property and the sale of the business as an open and operating Restaurant. An Application to Appoint Sunbelt has been submitted to the Bankruptcy Court to list and sell the real property and the business.

Based upon a review by Sunbelt, they have agreed to sign a Residential Listing Agreement with the Debtor to list the residential property located at 1532 Willow Street, Alameda, California for $475,000.00. A Brokers Commission of six (6%) percent of the purchase price is being sought in the Listing Agreement, which may be split with a Buyer's Broker, subject to Court Approval.

After a review by Sunbelt, they have signed a Commercial, Residential Income and Vacant Land Listing Agreement for Alameda County Parcel #71-250-8, Lincoln Avenue, Alameda, California for $309,000.00. A Broker Commission of six (6%) percent of the purchase price is being sought in the Listing Agreement, which may be split with a Buyer's Broker, subject to Court Approval.

After reviewing the background, financial information and other relevant factors, Sunbelt has entered into a Representation Agreement to sell the real property located at 2100 and 2104 Lincoln Avenue, Alameda, California and the Acapulco Restaurant operating thereon for a total asking price of $1,320,000.00. The real estate was valued at $1,095.000.00 and the business were evaluated at $225,000.00 for the purpose of the sale. The Real Estate

Broker seeks a commission of ten (10%) percent, with there being a minimum Brokers Fee of $50,000.00, subject to Court Approval.

The properties of the Debtor must be sold since there are matured Deeds of Trust against the property and due to the amount of the outstanding tax liabilities that can only be paid by selling the real property and the business. The Debtor has been advised that the value of business will be increased if it continues in operation during the sale process under the Chapter 11.

Based on the Monthly Operating Report that have been filed for September through December 2009 and January and February 2010. The Debtor has produced the following Income:

| Month | Income | Expense | Profit |
| --- | --- | --- | --- |
| September 2009 | $81,114.00 | $105,544.00 | ($24,430.00) |
| October 2009 | $91,910.00 | $71,799.00 | $20,111.00 |
| November 2009 | $77,797.00 | $86,449.00 | ($8,652.00) |
| December 2009 | $87,874.00 | $95,811.000 | ($7,937.00) |
| January 2010 | $92,028.00 | $94,579.00 | ($2,551.00) |
| February 2010 | $79,397.00 | $82,371.00 | ($2974.00) |

Any shortfall in income has been covered by family members not being paid for their work until money is available. All other employees, vendors, and taxes have been paid Post-Petition.

The Debtor Alameda Acapulco Restaurant, LLC will be selling all real property and the business to pay-off all of its creditors one hundred percent (100%) to each Creditor plus

contract interest on al approved undisputed or disputed claims that have been approved by the Court. The value of the business has assessed based on it being and ongoing business being sold.

### IV. PLAN OF REORGANIZATION

The Claims against the interests in the Debtor's Assets are divided into the following classes:

1. **Unclassified Claims:** (Note: These are claims that will not be classified in the Plan, but shall remain Unclassified and treated under 11 U.S.C. § 1129(a)(9)(A) and (C))

   A. **Administrative Expenses:** These are claims of attorneys, accountants, Real Estate/Business Brokers and others who qualify to file claims under this section for which Application shall be made to the Court for approval of claims in a timely manner and as allowed, approved, or ordered paid by the Court. Administrative expenses of Debtor's Chapter 11 claim allot pursuant to the Bankruptcy Code shall be paid on terms specified by the Court or as agreed upon by the holder of such claims and Debtor. There are these claims under this class at this time as follows:

   1) **Attorney Fees:** This will be a Claim for Attorney fees and costs for the Law Office of Carolle R. Hudson, the Debtor's Chapter 11 Attorney. The current estimate for the amount of the total is $40,000.00. This amount will be reduced by the Court-Approved and previously paid Retainer of $25,000.00 paid for Attorney fees and $3,000.00 advanced by the Debtor for costs. This total amount will be subject to Court-Approval.

2) **Accountant Fees**: This will be a Claim for Accountant services provided by the Accounting firm of T.G. Johnson & Associates, Certified Public Accountants. This amount of estimated total fees is not available at this time. The total fee submitted for final approval will be reduced by the Debtor's previously paid Retainer of $10,000.00 which was Court-Approved. The final amount due will be subject to Court Approval.

3) **Real Estate Broker Fees**: This will be a Claim by the Real Estate /Business Broker Sunbelt for selling the real estate and business of the Debtor. The Application for Appointment is pending before the Court for Approval as of the submission of this Disclosure Statement and proposed Plan. It is percentage of the sale price of the real estate and of the business pursuant to a Court Approved Contract and sale. The sale will be the basis for funding of the Debtor's Plan.

B. **Unsecured Priority Tax Claims of Internal Revenue Service**: These Claims will be paid in full amounts of the claims filed by the taxing agencies or in the amounts approved by the Court. The claim is from the Internal Revenue Service in the amount of $69,309.04. This claim will be paid statutory interest. It will be entitled to priority under 11 U.S.C. §§ 506, 507 and 726. There are no Post-petition taxes owing.

C. **Unsecured Priority Tax Claim of State Board of Equalization**: These Claims will be paid in full in the amounts of the claims filed by the taxing agencies or in the amounts approved by the Court. The claim is a claim from the State Board of

Equalization in the amount of $134,982.59. It will be entitled to priority under 11 U.S.C. §§ 506, 507 and 726. There are no Post-petition taxes owing.

D. **The Claim is any amount owing to the U.S. Trustee**: This shall be paid in full upon the effective date of the Plan of Reorganization. In addition, the Debtor is aware that under 28 U.S.C. 1930, U.S. Trustee fees will be payable after confirmation on a quarterly basis until entry of a Final Decree in the case. The Debtor will continue to pay all U.S. Trustee fees until a Final Decree is entered.

2. **Classified Claims**

    **Class 1 Secured Claims**:

A. **Claim 1: T.A. Roebuck Secured Claim for $214,753.03**. This Note is secured by three (3) properties and securing Deed of Trust is recorded in three (3) counterparts. Properties are: 2104 Lincoln Avenue, Alameda, CA; 2100 Lincoln Avenue, Alameda, CA; and 1527 Willow Street, Alameda, CA. The mortgage was placed on these properties in January 2007 in the amount of $220,000.00. The current outstanding balance is approximately $214,753.03. The monthly mortgage payments are $3,000.00. This was a thirty-six (36) month Note. The monthly payments have been paid directly to this Secured Creditor. This creditor shall be paid in full on the sale of the property.

B. **Claim 2: T.A. Roebuck Secured Claim for $143, 870.41**. This is a Deed of Trust on the property located at 2063 Lincoln Avenue, Alameda, CA. The mortgage was placed on this property in November 8, 2005 in the amount of $137,500.00. The current outstanding balance is approximately $143,870.41. The monthly mortgage payments are $1,375.00. This is a sixty (60) month Note due on November 8, 2010.

The monthly payments were paid directly to this Secured Creditor. The creditor shall be paid in full on the sale the property.

C. **Claim 3: T.A. Roebuck Secured Claim for $80,830.02**. This Note is secured by three (3) properties and securing Deed of Trust is recorded in three (3) counterparts. Properties are: 2104 Lincoln Avenue, Alameda, CA; 2063 Lincoln Avenue, Alameda, CA; and 1527 Willow Street, Alameda, CA. The mortgage was placed on these properties in July 2003 in the amount of $76,500.00. The current outstanding balance is approximately $80,830.02. The monthly mortgage payments are $800.00. This was a forty-eight (48) month Note that was due July 7, 2007. The monthly payments have been paid directly to this Secured Creditor. This creditor shall be paid in full on the sale of the property.

**Class 2 Unsecured Claims**:

| **Claimant** | **Total Claim** |
|---|---|
| AdvanceMe, Inc | $58,040.19 |
| American Express (3782 682029 43004) | $18,300.00 |
| California Bank & Trust (4798 5911 0110 2271) | $0.00 |
| Costco American Express (3723 741999 92008) | $2,520.00 |
| American Express (3737 319689 12005) | $807.00 |
| Mexifood, Inc. | $13,845.13 |
| California Bank & Trust (**** 2172) | $25,000.00 |
| California Bank & Trust (****2479) | $0.00 |
| GE Money Bank | $1,092.21 |
| **Total** | **$119,604.53** |

This class consists of claims totaling approximately $ 119,604.53. Each of these claimants will be paid one hundred (100%) percent of the amount of their approved claim plus contract interest. These claims will be paid out of the funds generated from the Court Approved sale of the Debtor's property. Court Approval of the Application to Approve Sunbelt as the Real Estate and Business Broker has been submitted.

If the Debtor has objections to any of the claims within this class appropriate objections to any disputed amount will be filed prior to Confirmation of the Plan or no later than thirty (30) days after Confirmation of Plan. This class is not impaired.

Each member of the class, will be paid to pro-rata share of the money available, if the sale of the property of the Debtor does not generate enough funds to pay one hundred (100%) percent.

## V. DEBTOR'S LIQUIDATION VALUE

In compliance with 11 U.S.C. § 1129 (a)(7)(A)(ii), Debtor offers the following information for review by the Court and creditors. The following information is the "on-going concern valuation" placed on properties and assets by the Debtor at the time of filing of the Chapter 11 Disclosure State and Proposed Plan. If the real property and business of the Debtor is sold, the value is estimated to be 2,104,000.00, if it is sold as an operating business under the Chapter 11. The value will be for less if it is sold as a closed business or under a Chapter 7.

The outstanding liability against the Debtor is approximately $1,700,000.00. If this case is converted to a Chapter 7 proceeding, the business will be closed and generate far less money. The Chapter 7 would generate less than the Chapter 11 and Chapter 7 administrative expenses and outstanding tax liabilities. Upon conversion of this case to a Chapter 7, none of the unsecured creditors in the Plan would receive money.

It should be noted that the Debtor is proposing to pay one hundred (100%) percent to the unsecured creditors out of the sale of the property and the on-going business. This amount represents more than would be received if this matter was converted to a Chapter 7 proceeding. This is proposed in good faith.

## VI. FEASIBILITY

The Plan of Reorganization will be financed by the sale of the real property and the business. It is only through approval of this Plan will all of the Debtor's obligations be paid.

If this Disclosure Statement is approved, the balloting seeking approval of the Plan should be completed by June 15, 2010 and creditors will be paid once the property is sold subject to Court approval.

Any money owed to the U.S. Trustee's Office upon Confirmation of the Plan of Reorganization it shall be payable upon the effective date of the Plan. In addition, the Debtor is aware that there is an ongoing responsibility to pay quarterly fees to the Office of the U.S. Trustee until a Final Decree is entered by this Court.

It should be clear that the Debtor is attempting to propose its best effort to pay the creditors in full. The payment to the unsecured creditors of one hundred percent (100%) of the amount owed is more than would be received if this Debtor had to close the business due to conversion of this case to a Chapter 7. The unsecured creditors would receive nothing.

## VII. ACCEPTANCE & REJECTIONS OF PLAN – VOTING PROCEDURES

This Disclosure Statement has been prepared by the Debtor and for the purpose of soliciting acceptances of the Plan of Reorganization from the creditors.

In determining acceptance of the Plan, votes will only be counted if submitted by a creditor whose claim is duly scheduled by the Debtor as undisputed, non contingent and

unliquidated, or who, prior to the hearing on confirmation of the Plan, has filed with the Court a Proof of Claim. If you are uncertain whether our claim has been correctly scheduled, you should check the Debtor's Schedules, which are on file at the Office of the Clerk of the Bankruptcy Court located at the United States Bankruptcy Court, 1300 Clay Street, 3rd Floor, Oakland, California. The Clerk of the Bankruptcy Court will not provide this information by telephone.

An acceptance or rejection of the Plan of Reorganization may be voted on by completing the Ballot which will accompany the Plan and mailing it to Carolle R. Hudson, Attorney at Law, 5524 Assembly Court, Suite 17, Sacramento, California 95823 in the self-addressed stamped envelope that will be enclosed with the Ballot. Debtor intends to seek Confirmation of the Plan of Reorganization pursuant to the deadlines set by the Court.

The effective date of this Plan shall be the date on which the Order Confirming this Plan of Reorganization becomes final and non-appealable.

Date: April 9, 2010

/s/ Carolle R. Hudson
Carolle R. Hudson, Attorney for the Debtor, Alameda Acapulco Restaurant, LLC.

Date: April 9, 2010

/s/ Laurance Quintero
Laurance Quintero, Responsible person for the Debtor, Alameda Acapulco Restaurant, LLC.